UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AARON GRAHAM,                          :
                                       :
            Petitioner                 :
                                       :    No. 3:CV-07-1402
      v.                               :
                                       :    (Judge Kosik)
                                       :
WARDEN KAREN HOGSTON,                  :
                                       :
            Respondent.                :

## **MEMORANDUM**

Aaron Graham ("Graham" or "Petitioner") petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He is currently confined at the Federal Correctional Institution at Allenwood.  Named as respondent is Karen Hogston, warden of FCI Allenwood.

Graham is serving an eighty-month sentence for bank robbery imposed by the United States District Court for the District of Maryland.  He challenges the calculation of his federal sentence by the Bureau of Prisons.  Specifically, he contends that he should receive credit for time served from August 27, 2003, through May 2, 2005.  We deny Graham's petition because, for the time period at issue, Graham has either already received credit toward his federal sentence or he has received credit toward his state sentence.

On August 27, 2003, Graham was arrested by Howard County, Maryland law enforcement officers, who charged him with armed robbery, first-degree assault, and reckless endangerment.[1]  Graham was held at the Howard County Detention Center.  On October 1, 2003, the United States Marshals Service lodged a detainer with the Howard

---

[1] The prosecution later filed an entry of nolle prosequi on November 6, 2003, for these charges.

County Detention Center. Graham was charged with bank robbery in violation of federal law.

On June 25, 2004, Graham received a 366-day sentence for robbery in the Circuit Court of Baltimore County. Graham received credit for time served in state custody from November 10, 2003, to September 11, 2004, when he was released.

Shortly after Graham's release from state custody, Graham was taken into federal custody by the U.S. Marshals pursuant to the previously lodged detainer. Graham remained in federal custody, and on May 2, 2005, Graham was sentenced in the United States District Court for the District of Maryland to eighty-month term of imprisonment. Graham received credit toward his federal sentence for time spent in custody from August 27, 2003, through November 9, 2003, and from September 12, 2004, through May 1, 2005.

Graham filed the instant petition on August 1, 2007, and we issued an order that directed Respondent to show cause why Graham should not receive his requested relief. Respondent filed a response to the petition on September 18, 2007. This matter is now ripe for review.

Graham contends that he should receive credit for time in custody from August 27, 2003, to May 2, 2005 toward his federal sentence. We note that he has already received credit for 307 days in prior custody from August 27, 2003, through November 9, 2003, and September 12, 2004, through May 1, 2005. Therefore, the only time period at issue is from November 10, 2003, though September 11, 2004. As previously stated, Graham's federal sentence commenced on May 2, 2005, the day on which he was sentenced.[2]

---

[2]The commencement of a federal sentence is governed by 18 U.S.C. § 3585(a), which provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a) (2000). A federal sentence starts when the defendant is received

The calculation of credit given for prior time spent in custody is governed by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences —
>
> (1)   as a result of the offense for which the sentence was imposed;
> (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (2000) (emphasis added). Under § 3585(b), double credit, or time credited to another sentence, may not be granted. 18 U.S.C. § 3585(b) (2000); see United States v. Wilson, 503 U.S. 329, 337 (1992). In Graham's case, the time in question, November 10, 2003, though September 11, 2004, has already been credited to the service of his state sentence, and therefore, its credit to his federal sentence would be improper double credit. See Rios v. Wiley, 201 F.3d 257, 272 (3d Cir. 2000) (superceded by statute on other grounds); see also United States v. Labeille-Soto, 163 F.3d 93, 99 (2d Cir. 1998). Accordingly, Graham's petition for a writ of habeas corpus will be denied. An appropriate order follows.

---

by the Attorney General for the service of his sentence, United States v. Pungitore, 910 F.2d 1084, 1119 (3d Cir. 1990); Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996), and a federal sentence cannot start prior to the date on which it is imposed, see United States v. Labeille-Soto, 163 F.3d 93, 98 (2d Cir. 1998).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

AARON GRAHAM,  :
:
    Petitioner  :
: No. 3:CV-07-1402
    v.  :
: (Judge Kosik)
:
WARDEN KAREN HOGSTON,  :
:
    Respondent.  :

## ORDER

NOW, THEREFORE, THIS 25th DAY OF OCTOBER, 2007, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **DENIED**;

2. The Clerk of Court is directed to **CLOSE** this case.

                                 *s/Edwin M. Kosik*
                                 United States District Judge